UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEROME JULIUS BROWN**, Sr., <br><br> Plaintiff, <br><br> v. <br><br> **ANGELA CAESAR**, *et al.*, <br><br> Defendants. | Civil Action No. 15-499 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerome Brown, proceeding *pro se*, filed the complaint in this case on February 27, 2015, in the Superior Court for the District of Columbia. *See* Dkt. 6-2. The Defendants removed to this Court on April 6, 2015. *See* Dkt. 1. The complaint consists of a string of often unrelated words and names. It appears that Brown is asking for $30,000. He also uses the phrase "false arrest" and at one point cites 18 U.S.C. § 1001, a criminal statute prohibiting the making of false statements of material fact.

Federal Rule of Civil Procedure 8(a) requires that a "pleading that states a claim for relief" must include both "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support" and "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule is designed to "give the defendant notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks and citation omitted). On November 20, 2015, the Court issued an Order explaining to Brown that his complaint did not comply with Rule 8(a) and ordering him to show cause why the Court

should not dismiss the complaint as a result. *See* Dkt. 20. The Court further ordered the deputy clerk to send a copy of this Order, along with relevant Minute Orders, to both the address listed on the docket sheet and another address found in the record. *See* Minute Order, November 20, 2015. The Court further ordered the Defendant to email copies of these same documents to Brown. *Id*. The mail the Court sent was returned as undeliverable, and Brown has not provided any forwarding address. He has not responded to the Court's Order.

The Court recognizes that complaints filed by *pro se* litigants are subject to more forgiving standards than those filed by members of the bar. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Even with that caveat, however, Brown's complaint fails to meet the standards of Rule 8(a) because it is not "plain." It fails to explain or even to state the basis for the Court's jurisdiction, the cause of action under which Brown sues, or any facts that could plausibly support a claim for relief. It is instead an incomprehensible filing by a litigant who is subject to pre-filing restrictions in two other federal district courts. *See Brown v. Chevy Chase Bank*, No. 3:10-cv-381, 2012 WL 8304344, at *1 (E.D. Va. July 3, 2012) (noting that Brown is subject to pre-filing restrictions in the District Court for Maryland and the District Court for the Eastern District of Virginia).[1] The Court will therefore *sua sponte* **DISMISS** the complaint without prejudice. *See Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995) (acknowledging that a district court may *sua sponte* dismiss a complaint under Rule 8(a) (citation omitted)); *Tanner v. Neal,* 232 Fed. App'x 924, 924–25 (11th Cir. 2007) (same); *see also Nicole v. Nat'l Savings & Trust Co.*, 250 F.2d 36 (D.C. Cir. 1957) (affirming a district court's dismissal of a complaint under Rule 8(a) because "[w]e cannot discover what claim the complaint is intended to make");

---

[1] Brown is also enjoined from filing cases in this Court *in forma pauperis*. *See Brown v. Lyons Lane Ltd. P'ship*, No. 10-mc-7, Dkt. 3 (D.D.C., Mar. 1, 2010).

*Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court grants Brown leave to refile within 30 days an amended complaint that cures the existing deficiencies. But "[i]f Mr. [Brown] files an amended complaint that merely recycles the complaint presently before the Court it may be dismissed with prejudice." *Hamrick v. United Nations*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (internal quotation marks and citation omitted).

Brown has also filed a motion entitled "Order that the United States Motion Is FBI #1014, USMS, Granted $30,000.00." Dkt. 17. This motion, like the complaint, is incomprehensible. The Court cannot discern the factual basis for the motion or the relief the motion seeks. In its November 20, 2015, Order, the Court ordered Brown to show cause why the Court should not strike this motion for its failure to comply with Local Rule 7(a), which requires any motion filed with the Court to "include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." *See* Dkt. 20. Brown has not responded. The Court cannot ascertain the factual basis for this motion or the legal authority that supports it and will therefore **STRIKE** the motion for failing to comply with Local Rule 7(a).

Because the Court has dismissed the complaint *sua sponte*, the defendant's Motion to Dismiss, *see* Dkt. 9, is **DENIED** as moot.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 5, 2016